**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000903
28-JUL-2015
10:57 AM**

NO. CAAP-14-0000903

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


ALISON JOAN SANCHEZ,
Plaintiff-Appellant,
v.
COUNTY OF KAUA'I, KAUA'I POLICE DEPARTMENT, ERIC CASPILLO,
BARRY DeBLAKE, DOE INVESTIGATORS AND OFFICERS, et al,
Defendants-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 10-1-0265)


MEMORANDUM OPINION
(By:  Foley, Presiding J., Fujise and Ginoza, JJ.)

Plaintiff-Appellant Alison Joan Sanchez (**Sanchez**) appeals from the Circuit Court of the Fifth Circuit's[1] (**circuit court**).

(1) "Final Judgment as to All Claims and Parties" (**Final Judgment**), entered June 9, 2014;

(2) "Order Granting Defendant Barry DeBlake's Motion to Dismiss, or in the Alternative, for Summary Judgment Filed on August 6, 2013," entered November 7, 2013;

(3) "Order Granting Defendants County of Kaua'i and Kaua'i Police Department's Joinder to Defendant Eric Caspillo's Motion to Dismiss, or in the Alternative, for Summary Judgment

---

[1]     The Honorable Kathleen N.A. Watanabe presided.

Filed on August 6, 2013, Filed August 9, 2013," entered November 7, 2013; and

(4) "Order Granting Defendant Eric Caspillo's Motion to Dismiss, or in the Alternative, for Summary Judgment Filed on August 6, 2013," entered November 7, 2013.

I.

On appeal, Sanchez contends the circuit court erred because, with respect to their claim of qualified immunity, there was a genuine issue of material fact as to whether Defendants-Appellees Kaua'i Police Department (**KPD**) Officers Eric Caspillo (**Officer Caspillo**) and Barry DeBlake (**Officer DeBlake**) (together, **Officers**) acted with malice when they arrested her on December 24, 2008 for disobeying a police officer in violation of Hawaii Revised Statutes (**HRS**) § 291C-23 (1993).[2]

Defendant-Appellee County of Kaua'i (**County**) and KPD contend the circuit court did not err because "Sanchez presented no 'clear and convincing proof' that Officers Caspillo and DeBlake had acted with actual malice."

Officers Caspillo and DeBlake contend the circuit court did not err because Sanchez failed to "satisfy her burden to respond to the motion for summary judgment and demonstrate specific facts, as opposed to general allegations, that present a genuine issue worthy of trial."

Sanchez argues that the circuit court erred in granting the Defendants' motions to dismiss or in the alternative for

---

[2]    HRS § 291C-23 provides that it is "a petty misdemeanor for any person to wilfully fail or refuse to comply with any lawful order or direction of any police officer invested by law with authority to direct, control, or regulate traffic."

On January 19, 2010, the County of Kaua'i Office of the Prosecuting Attorney dismissed its March 4, 2009 complaint against Sanchez with prejudice.

On December 23, 2010, Sanchez filed the complaint in this case against the County, KPD, Officer Caspillo and Officer DeBlake (collectively, **Defendants**), and "Doe" individuals and entities. Sanchez's complaint stated that Sanchez's action against the Defendants was for "Assault and Battery, False Arrest/False Imprisonment, Malicious Prosecution, Negligent Hiring, Training, Supervision, Discipline and Retention, Negligent Investigation, Civil Conspiracy, and Punitive Damages."

summary judgment because there was a genuine issue of material fact as to whether Officers Caspillo and DeBlake exhibited malice towards Sanchez. Sanchez argues that "the contemptuous and hateful manner in which the arrest took place confirmed [Officers DeBlake and Caspillo] were acting with malice." Sanchez contends that "[t]he manner in which the [Officers] glared at her clearly showed the contempt they had for her" and that "[s]he could not understand why they treated her in such a hateful manner." Sanchez argues that the Officers' "appearance, mannerism and actions in forcefully grabbing [Sanchez's] arms, twisting them behind her back and throwing her into a police car, belie their bare assertions" that they had no malice. Sanchez argues that there are "genuine material facts at issue" because Officers Caspillo and DeBlake "acted without justification or excuse in committing a wrongful act, (twisting [Sanchez's] arms and throwing her into a police car and driving recklessly causing her injury to her shoulder) in reckless disregard of the law" and "did so with ill will and wickedness of heart as evidenced by their countenance when committing the act."

The County and KPD argue that the circuit court did not err because rather than present "'clear and convincing proof' that Officers Caspillo and DeBlake had acted with actual malice[,] . . . [Sanchez] simply argued that the fact that she was arrested coupled with what she perceived as a glaring look from one of the [Officers] constituted contemptuous and hateful treatment." The County and KPD argue "that the burden was on Sanchez to overcome the Officers' qualified immunity, and that Sanchez had failed as a matter of law to do so." The County and KPD argue that

> Sanchez has presented no evidence that she was arrested
> without provocation and has not clearly contradicted the
> evidence presented in the declarations of Officers Caspillo
> and Deblake . . . that she was warned multiple times that
> she was not permitted to enter an active investigation
> scene . . . [and] that she would be arrested if she did not
> desist. . . . Sanchez has presented no evidence that she was
> subject to violent treatment that would "infer" malicious
> intent, other than stating that the [Officers] put her arms
> behind her back to handcuff her – standard arrest procedure.

3

Officers Caspillo and DeBlake contend the circuit court did not err because Sanchez failed to "satisfy her burden to respond to the motion for summary judgment and demonstrate specific facts, as opposed to general allegations, that present a genuine issue worthy of trial." Officers Caspillo and DeBlake argue that they have qualified immunity because they satisfied their initial burden of production that they were entitled to summary judgment as a matter of law and Sanchez presented no evidence to establish that either officer acted with malice.

## II.

We review the Defendants' motions to dismiss or in the alternative for summary judgment as motions for summary judgment because the circuit court considered matters outside the pleadings. See Wong v. Cayetano, 111 Hawai'i 462, 476, 143 P.3d 1, 15 (2006) (holding that a motion to dismiss "is transformed into a . . . motion for summary judgment when the circuit court considers matters outside the pleadings" (citing Au v. Au, 63 Haw. 210, 213, 626 P.2d 173, 176 (1981))); Hawai'i Rules of Civil Procedure Rule 12(b) (providing that if on a motion "to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment").

> [N]on-judicial governmental officials, when acting in the performance of their public duty, enjoy the protection of what has been termed a qualified or conditional privilege. This privilege effectively shields the official from liability, and not from the imposition of the suit itself, to the extent that the privilege is not abused and thereby lost. . . . [I]n order for an action to lie against an official acting under a claim of privilege, it is essential that the injured party allege and prove, to the requisite degree, that the official had been motivated by malice and not by an otherwise proper purpose.

Towse v. State, 64 Haw. 624, 631-32, 647 P.2d 696, 702 (1982) (footnotes and citations omitted).

## III.

With the exception of defamation cases, the term "malice," when used in the context of this qualified privilege,

is "defined in its ordinary and usual sense" to mean "'the intent, without justification or excuse, to commit a wrongful act,' 'reckless disregard of the law or of a person's legal rights,' and 'ill will; wickedness of heart.'" See Awakuni v. Awana, 115 Hawai'i 126, 141, 165 P.3d 1027, 1042 (2007) (brackets omitted) (quoting Black's Law Dictionary 977 (8th ed. 2004)) (holding that the "reasonable person" test for determining malice was adopted by Towse "for use in the defamation context"). "The existence or absence of malice is generally a question for the jury. However, when this issue has been removed from the case by uncontroverted affidavits and depositions, and the moving party is entitled to judgment as a matter of law, summary judgment will be granted." Runnels v. Okamoto, 56 Haw. 1, 5-6, 525 P.2d 1125, 1129 (1974) (citations omitted). Moreover, the non-moving party cannot establish the existence of a genuine issue of material fact through "bare allegations . . . that the defendants were motivated by malice . . . ." Id. at 6, 525 P.2d at 1129.

Here, the parties do not dispute that at approximately 11 P.M. on December 24, 2008, Sanchez arrived on the scene of a traffic collision investigation involving her son and exited her vehicle to inquire about the condition of her son, that Officers DeBlake and Caspillo told Sanchez to return to her vehicle, and that Sanchez continued to question the Officers about her son.

Sanchez's complaint alleged that she was "thrown into a police vehicle, arrested and driven without a seat belt in a reckless manner to the [KPD]." Sanchez's complaint further alleged that "[a]s a result of the physical manner in which [Sanchez] was handled she sustained severe and debilitating injuries to her shoulder, arm, wrists, neck, back and body." Sanchez declared that "[t]he manner in which the [Officers] glared at me clearly showed that they had contempt for me. I could not understand why they treated me in such a hateful manner." Sanchez argued in her Memorandum in Opposition to the Defendants' motions that the Officers' "appearance, mannerism and actions in forcefully grabbing [Sanchez's] arms, twisting them

5

behind her back and throwing her into a police car, belie their bare assertions [that they had no malice]."

In support of their motions, Officers Caspillo and DeBlake submitted, *inter alia*, their respective declarations and Sanchez's answers to interrogatories. In turn, Sanchez's opposition to the motions was supported by her declaration and her interrogatory responses. The evidence adduced by the two sides conflict in that they provide materially different versions of the relevant events. Based on the declarations by Officers Caspillo and DeBlake, Sanchez attempted to enter the investigation scene, was given repeated warnings by the officers to return to her vehicle, was warned she would otherwise be arrested, refused to comply with the officers' orders, and after the officers' warnings she still attempted to walk past them.

Officer Caspillo declared that the arrest of Sanchez "was completed without use of force or any injuries being sustained to [Sanchez]." Officer Caspillo declared that "[u]pon being arrested, [Sanchez] was placed in the rear of my patrol vehicle without incident where she remained until I could complete my traffic investigation and transport her to the Lihu'e Police Station for booking." Officer DeBlake declared that he "assisted Officer Caspillo in placing [Sanchez's] hands behind in back to be handcuffed and putting her in Officer Caspillo's patrol vehicle." Both Officers declared that they "wanted to do [their] job and keep the traffic collision scene clear for integrity and safety reasons" and "felt no malice toward Sanchez."

Sanchez's answers to interrogatories describe the events at the accident scene as follows:

> When we stopped I got out of the car and walked up to the officers who were standing by their police cars and asked if everything was okay and mentioned I was Justis' Mom and wanted to know what happened and if everyone was okay. <u>One officer then told me to get back in my car and I explained I was worried and just wanted to know what had happened and if my son was alright. He (Mr. Caspillo) then said that they were going to arrest me, took out his handcuffs grabbed my arm twisted it behind of me.</u> I immediately felt a pop and pain I yelled "awe" my shoulder. Officer (DeBlake) then grabbed my other arm and placed it behind me and handcuffed

> me. He opened the police car door and "flew" me in the police car and closed the door. They did not read me my rights or tell me what I was getting arrested for just left me in the police car with no air, sweating and crying. . . . When [my boyfriend's] Aunty got out of the car and came to where we was I was already in the police car, the officers then told them if they don't get back in their car they will be next.

(Emphasis added.) In her declaration, Sanchez similarly attests that:

> I went to the scene of the accident to determine the extent of my son's injuries. Upon arrival at the accident site I got out of my car to ascertain about the condition of my son. When I asked the police officers this question, I was immediately grabbed and my arms forcefully twisted behind my back. I was then arrested, handcuffed, thrown into a police vehicle, and driven without a seat belt in a reckless manner to the Kauai Police Department. The manner in which the officer's [sic] glared at me clearly showed that they had contempt for me. I could not understand why they treated me in such a hateful manner. . . . On December 24, 2008, Defendants DeBLAKE and Caspillo unlawfully detained me without a warrant or any other legal process and took me into custody, against my will, and without probable cause.

(Emphasis added.)

In sum, Officer DeBlake and Officer Caspillo attest that Sanchez was arrested after she refused multiple orders by them to remain clear of the accident investigation site and after she was warned she would otherwise be arrested; whereas under Sanchez's version of events, she was immediately arrested after once being told to return to her car, when she asked about her son's condition. The parties also dispute the manner in which Sanchez was handled upon arrest. At the least, viewing the evidence in a light most favorable to Sanchez as the non-moving party, as we must for summary judgment purposes, the conflicting evidence demonstrates there are genuine issues of material fact as to the existence or absence of malice for purposes of qualified immunity.

**IV.**

The Circuit Court of the Fifth Circuit's

(1) "Final Judgment as to All Claims and Parties," entered June 9, 2014;

7

(2) "Order Granting Defendant Barry DeBlake's Motion to Dismiss, or in the Alternative, for Summary Judgment Filed on August 6, 2013," entered November 7, 2013;

(3) "Order Granting Defendants County of Kaua'i and Kaua'i Police Department's Joinder to Defendant Eric Caspillo's Motion to Dismiss, or in the Alternative, for Summary Judgment Filed on August 6, 2013, Filed August 9, 2013," entered November 7, 2013; and

(4) "Order Granting Defendant Eric Caspillo's Motion to Dismiss, or in the Alternative, for Summary Judgment Filed on August 6, 2013," entered November 7, 2013 are vacated and this case is remanded for further proceedings consistent with this opinion.

DATED: Honolulu, Hawai'i, July 28, 2015.

On the briefs:

William A. Harrison
(Harrison & Matsuoka)
for Plaintiff-Appellant.

Presiding Judge

Mauna Kea Trask
Office of the County Attorney
County of Kaua'i
for Defendants-Appellees
Eric Caspillo, Barry DeBlake,
County of Kaua'i, and Kaua'i
Police Department.

Associate Judge

Stephen F. Hall
Office of the County Attorney
County of Kaua'i
for Defendant-Appellee
Barry DeBlake.

Associate Judge

Adam P. Roversi
Office of the County Attorney
County of Kaua'i
for Defendant-Appellee
County of Kaua'i and Kaua'i
Police Department